# Exhibit 3



# Demand for Arbitration Form (continued)
Instructions for Submittal of Arbitration to JAMS

## TO RESPONDENT (PARTY ON WHOM DEMAND FOR ARBITRATION IS MADE)
Add more respondents on **page 6**.

| | |
|---|---|
| RESPONDENT NAME | Manhattan River Group |
| ADDRESS | 348 Dyckman Street |
| CITY | New York |
| STATE | NY |
| ZIP | 10034 |
| PHONE | |
| FAX | |
| EMAIL | |

### RESPONDENT'S REPRESENTATIVE OR ATTORNEY (IF KNOWN)

| | |
|---|---|
| REPRESENTATIVE/ATTORNEY | Lawrence Morrison |
| FIRM/COMPANY | Morrison Tenenbaum PLLC |
| ADDRESS | 87 Walker Street, 2nd Floor |
| CITY | New York |
| STATE | NY |
| ZIP | 10013 |
| PHONE | 212-620-0938 |
| FAX | |
| EMAIL | morrlaw@aol.com |

## FROM CLAIMANT
Add more claimants on **page 7**.

| | |
|---|---|
| CLAIMANT NAME | Connie Rodriguez |
| ADDRESS | c/o counsel |
| CITY | |
| STATE | |
| ZIP | |
| PHONE | |
| FAX | |
| EMAIL | |

### CLAIMANT'S REPRESENTATIVE OR ATTORNEY (IF KNOWN)

| | |
|---|---|
| REPRESENTATIVE/ATTORNEY | D. Maimon Kirschenbaum and Denise A. Schulman |
| FIRM/COMPANY | Joseph & Kirschenbaum LLP |
| ADDRESS | 32 Broadway, Suite 601 |
| CITY | New York |
| STATE | NY |
| ZIP | 10004 |
| PHONE | 212-688-5640 |
| FAX | 212-981-9587 |
| EMAIL | maimon@jk-llp.com; denise@jk-llp.com |



# Demand for Arbitration Form (continued)
Instructions for Submittal of Arbitration to JAMS

## MEDIATION IN ADVANCE OF THE ARBITRATION

☐ If mediation in advance of the arbitration is desired, please check here and a JAMS Case Manager will assist the parties in coordinating a mediation session.

## NATURE OF DISPUTE / CLAIMS & RELIEF SOUGHT BY CLAIMANT

CLAIMANT HEREBY DEMANDS THAT YOU SUBMIT THE FOLLOWING DISPUTE TO FINAL AND BINDING ARBITRATION.
A MORE DETAILED STATEMENT OF CLAIMS MAY BE ATTACHED IF NEEDED.

Minimum wage claims under the Fair Labor Standards Act and New York law.
Violations of the wage notice requirements of N.Y. Lab. L. 195.
Failure to pay spread of hours compensation in violation of N.Y. Comp. Codes R. & Regs. tit. 12, 146-1.6.
Violations of 26 U.S.C. 7434.
Gender discrimination under the New York City Human Rights Law.
Claimant seeks compensatory damages, liquidated damages, punitive damages, statutory damages, and attorneys' fees and costs for the above-referenced claims.

Please see attached detailed statement.

AMOUNT IN CONTROVERSY (US DOLLARS)   **TBD**



# Demand for Arbitration Form (continued)
Instructions for Submittal of Arbitration to JAMS

## ARBITRATION AGREEMENT
This demand is made pursuant to the arbitration agreement which the parties made as follows. *Please cite location of arbitration provision and attach two copies of entire agreement.*

**ARBITRATION PROVISION LOCATION**

Offer of employment

## RESPONSE
The respondent may file a response and counter-claim to the above-stated claim according to the applicable arbitration rules. *Send the original response and counter-claim to the claimant at the address stated above with two copies to JAMS.*

## REQUEST FOR HEARING
**REQUESTED LOCATION** New York City

## ELECTION FOR EXPEDITED PROCEDURES (IF COMPREHENSIVE RULES APPLY)
See: *Comprehensive Rule 16.1*

☐ By checking the box to the left, Claimant requests that the Expedited Procedures described in JAMS Comprehensive Rules 16.1 and 16.2 be applied in this matter. Respondent shall indicate not later than seven (7) days from the date this Demand is served whether it agrees to the Expedited Procedures.

## SUBMISSION INFORMATION
**SIGNATURE** /s/  **DATE** August 14, 2017

**NAME (PRINT/TYPED)** Denise A. Schulman



# Demand for Arbitration Form (continued)
## Instructions for Submittal of Arbitration to JAMS

Completion of this section is <u>required for all consumer or employment claims</u>.

## CONSUMER AND EMPLOYMENT ARBITRATION

Please indicate if this is a CONSUMER ARBITRATION. For purposes of this designation, and whether this case will be administered in California or elsewhere, JAMS is guided by *California Rules of Court Ethics Standards for Neutral Arbitrators, Standard 2(d) and (e)*, as defined below, and the JAMS Consumer and Employment Minimum Standards of Procedural Fairness:

☐ <u>YES</u>, this **is** a CONSUMER ARBITRATION.

☑ <u>NO</u>, this **is not** a CONSUMER ARBITRATION.

"Consumer arbitration" means an arbitration conducted under a pre-dispute arbitration provision contained in a contract that meets the criteria listed in paragraphs (1) through (3) below. "Consumer arbitration" excludes arbitration proceedings conducted under or arising out of public or private sector labor-relations laws, regulations, charter provisions, ordinances, statutes, or agreements.

1. The contract is with a consumer party, as defined in these standards;
2. The contract was drafted by or on behalf of the non-consumer party; and
3. The consumer party was required to accept the arbitration provision in the contract.

"Consumer party" is a party to an arbitration agreement who, in the context of that arbitration agreement, is any of the following:

1. An individual who seeks or acquires, including by lease, any goods or services primarily for personal, family, or household purposes including, but not limited to, financial services, insurance, and other goods and services as defined in section 1761 of the Civil Code;
2. An individual who is an enrollee, a subscriber, or insured in a health-care service plan within the meaning of section 1345 of the Health and Safety Code or health-care insurance plan within the meaning of section 106 of the Insurance Code;
3. An individual with a medical malpractice claim that is subject to the arbitration agreement; or
4. An employee or an applicant for employment in a dispute arising out of or relating to the employee's employment or the applicant's prospective employment that is subject to the arbitration agreement.

In addition, JAMS is guided by its Consumer Minimum Standards and Employment Minimum Standards when determining whether a matter is a consumer matter.

If Respondent disagrees with the assertion of Claimant regarding whether this IS or IS NOT a CONSUMER ARBITRATION, Respondent should communicate this objection in writing to the JAMS Case Manager and Claimant within seven (7) calendar days of service of the Demand for Arbitration.

## EMPLOYMENT MATTERS
If this is an EMPLOYMENT matter, Claimant must complete the following information:

Private arbitration companies are required to collect and publish certain information at least quarterly, and make it available to the public in a computer-searchable format. In employment cases, this includes the amount of the employee's annual wage. The employee's name will not appear in the database, but the employer's name will be published. Please check the applicable box below:

☐ Less than $100,000    ☐ $100,000 to $250,000    ☐ More than $250,000    ☑ Decline to State

## WAIVER OF ARBITRATION FEES
In certain states (e.g. California), the law provides that consumers (as defined above) with a gross monthly income of less than 300% of the federal poverty guidelines are entitled to a waiver of the arbitration fees. In those cases, the respondent must pay 100% of the fees. Consumers must submit a declaration under oath stating the consumer's monthly income and the number of persons living in his or her household. Please contact JAMS at 1-800-352-5267 for further information. Note: this requirement is not applicable in all states.



# Demand for Arbitration Form (continued)
Instructions for Submittal of Arbitration to JAMS

**RESPONDENT #2** (PARTY ON WHOM DEMAND FOR ARBITRATION IS MADE)

| RESPONDENT NAME | Jerald Tenenbaum |
|---|---|
| ADDRESS | 87 Walker Street, 2nd Floor |
| CITY | New York  STATE NY  ZIP 10013 |
| PHONE | FAX  EMAIL |

RESPONDENT'S REPRESENTATIVE OR ATTORNEY (IF KNOWN)

| REPRESENTATIVE/ATTORNEY | Lawrence Morrison |
|---|---|
| FIRM/COMPANY | Morrison Tenenbaum PLLC |
| ADDRESS | 87 Walker Street, 2nd Floor |
| CITY | New York  STATE NY  ZIP 10013 |
| PHONE | 212-620-0938  FAX  EMAIL morrlaw@aol.com |

**RESPONDENT #3** (PARTY ON WHOM DEMAND FOR ARBITRATION IS MADE)

| RESPONDENT NAME | Josh Rosen and Andrew Walters |
|---|---|
| ADDRESS | 348 Dyckman Street |
| CITY | New York  STATE NY  ZIP 10034 |
| PHONE | FAX  EMAIL |

RESPONDENT'S REPRESENTATIVE OR ATTORNEY (IF KNOWN)

| REPRESENTATIVE/ATTORNEY | Lawrence Morrison |
|---|---|
| FIRM/COMPANY | Morrison Tenenbaum PLLC |
| ADDRESS | 87 Walker Street, 2nd Floor |
| CITY | New York  STATE NY  ZIP 10013 |
| PHONE | 212-620-0938  FAX  EMAIL morrlaw@aol.com |



# Demand for Arbitration Form (continued)
Instructions for Submittal of Arbitration to JAMS

## CLAIMANT #2

**CLAIMANT NAME**

**ADDRESS**

**CITY** | **STATE** | **ZIP**

**PHONE** | **FAX** | **EMAIL**

### CLAIMANT'S REPRESENTATIVE OR ATTORNEY (IF KNOWN)

**REPRESENTATIVE/ATTORNEY**

**FIRM/COMPANY**

**ADDRESS**

**CITY** | **STATE** | **ZIP**

**PHONE** | **FAX** | **EMAIL**

## CLAIMANT #3

**CLAIMANT NAME**

**ADDRESS**

**CITY** | **STATE** | **ZIP**

**PHONE** | **FAX** | **EMAIL**

### CLAIMANT'S REPRESENTATIVE OR ATTORNEY (IF KNOWN)

**REPRESENTATIVE/ATTORNEY**

**FIRM/COMPANY**

**ADDRESS**

**CITY** | **STATE** | **ZIP**

**PHONE** | **FAX** | **EMAIL**

JAMS
-----------------------------------------------------------x
CONNIE RODRIGUEZ, on behalf of herself
and others similarly situated,

         **Claimant,**

   v.

**MANHATTAN RIVER GROUP, LLC,**
**JERALD TENENBAUM, JOSH ROSEN,**
**and ANDREW WALTERS,**

         **Respondents.**
-----------------------------------------------------------x

**DETAILED STATEMENT OF CLAIM**

Claimant Connie Rodriguez alleges as follows:

## BACKGROUND

1. On July 6, 2017, Claimant filed a lawsuit in the United States District Court for the Southern District of New York that alleged substantially similar claims to those contained in this detailed statement of claim.

2. On August 8, 2017, Respondents submitted a letter to the Court seeking to compel arbitration of Claimant's claims pursuant to an arbitration agreement.

3. Thereafter, Claimant dismissed her lawsuit without prejudice in order to pursue arbitration.

## PARTIES

4. All Respondents are hereinafter collectively referred to as "Respondents."

5. Respondent Manhattan River Group, LLC is a New York corporation that owns and operates La Marina Restaurant/Nightclub located in Inwood, NY.

6. Upon information and belief, Manhattan River Group, LLC has an annual gross volume of sales in excess of $500,000.

7. Manhattan River Group, LLC is owned and operated by, *inter alias,* Respondents Jerald Tenenbaum and Josh Rosen (the "Owner Respondents").

8. The Owner Respondents exercise sufficient control of the restaurant's 'day to day operations to be considered Claimant's employer under the FLSA and New York law.

9. The Owner Respondents are actively involved in managing the restaurant.

10. The Owner Respondents are often present at the restaurant overseeing the restaurant's operations.

11. The Owner Respondents have ultimate authority over all decisions at the restaurant, and they frequently consult with the restaurant's general managers to discuss day-to-day issues.

12. The Owner Respondents played a role in determining the payroll practices that are the subject of the instant action.

13. To the extent the restaurant maintains payroll records, the Owner Respondents are responsible for the maintenance of such records.

14. Respondent Andrew Walters is a Director of Nightlife at La Marina.

15. Claimant Connie Rodriguez worked for Respondents as a bartender in the summer of 2016 and for several days in 2017, until she was terminated.

## FACTS

### Wage and Hour Allegations

16. Respondents knew that nonpayment of minimum wage would economically injure Claimant and violated federal and state laws.

17. Claimant worked as a bartender at the beach section of La Marina Restaurant during the summer months of 2016 and for a few days in 2017.

18. During Claimant's working season, she typically worked weekends, Friday through Sunday, and Mondays on long weekends.

19. Claimant's shifts often lasted longer than 10 hours, starting at 11:00 a.m. and continuing past midnight.

20. Respondents did not pay Claimant any hourly wage. Her sole compensation was the tips she received from customers.

21. Respondents did not give Claimant weekly wage statements outlining her pay, as required by the New York Labor Law.

22. Respondents did not give Claimant the Notice and Acknowledgement of Pay form required by the New York Labor Law.

23. Respondents issued and IRS form W2 to Claimant for the year 2016. The W2 reflected wages paid to Claimant even Claimant received no wages at all. Upon information and belief, Respondents filed this W2 with the IRS.

24. Respondents committed the foregoing acts willfully and against Claimant, the FLSA Collective Claimants, and the Class members.

### Sex Harassment/Wrongful Termination

25. Respondent Andrew Walters frequently made unwelcome sexual advances toward Claimant.

26. For example, before the July 4th weekend in 2016, Claimant informed Walters that she would be out of town for the weekend.

27. Respondent Walters told Claimant that if she took the weekend off, she would not have at job at La Marina when she returned.

3

28. Respondent Walters ultimately changed his mind, and explained to Claimant in substance, "Don't worry about. It's just that the weekend will suck without you. I have a way of falling in love with people, but then I get over it."

29. Respondent Walters often touched Claimant inappropriately, including putting his arm around Claimant in a sexual manner.

30. Claimant consistently told Respondent Walters not to touch her.

31. On one occasion, Respondent Walters propositioned Claimant to join him on a trip to Asia.

32. Claimant refused Respondent Walters' proposition.

33. Respondent Walters often invited Claimant to a bar "near [his] apartment" in the Meatpacking District.

34. Claimant consistently refused and made clear that Respondent Walters' advances were unwelcome.

35. After the summer of 2016, Claimant and Respondent Walters went their separate ways, but Respondent Walters began to follow Claimant on Instagram.

36. When Claimant returned to work at La Marina on or about the weekend of May 26, 2017, Respondent Walters explained to Claimant how upset he was that Claimant was together with her boyfriend, something he presumably learned on Instagram. Respondent Walters stated, "I'm not even going to small talk with you anymore, because you're basically wifed up."

37. Respondent Walters later stated that he was "just kidding" and attempted to hug Claimant.

38. Given that Respondent Walters was Claimant's direct supervisor and the manager of the entire part of the restaurant at which Claimant worked, Respondent Walters' harassing

behavior caused Claimant stress and embarrassment and made her working environment extremely difficult.

39. Later that evening, Claimant was at her bar talking with a security guard named Bruno. The restaurant was extremely quiet, as the usual evening traffic had not yet arrived.

40. During this conversation, Respondent Walters abruptly charged at Claimant and shouted, in front of anyone present, ""What are you gonna do, play with your pussy all day? Go do something go help the other bartenders. What are you, retarded?"

41. Claimant was humiliated by Respondent Walters' comments. Nevertheless, she finished her shift without incident.

42. The following Sunday May 28, Claimant arrived at work for her shift.

43. While Claimant was setting up, Respondent Walters crept up behind her and stood inappropriately close to her saying nothing while she worked for several minutes.

44. At 7:00 p.m. that evening, a security guard summoned Claimant and told her she was being escorted off of the property.

45. When Claimant asked why she was being escorted off of the property, the security guard simply stated that management instructed him to do so and that Claimant would have to speak with John Markowitz, the restaurant's manager, on Friday.

46. Claimant was again humiliated by Respondents' sick behavior and by the fact that she was being publicly escorted off of the property like a criminal.

47. The following Friday, Claimant met with John Markowitz. Claimant told Mr. Markowitz about Respondent Walters' egregious behavior. Mr. Markowitz did nothing to correct the issue. He tried to convince Claimant not to be offended at having been escorted out of the

5

restaurant by security guards, because that was a regular occurrence. He then confirmed that Claimant's employment was terminated.

## FIRST CLAIM FOR RELIEF
**(FLSA Minimum Wage Violations, 29 U.S.C. §§ 201, *et seq.*)**

48. Claimant realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

49. At all relevant times, Respondents have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Respondents have employed "employee[s]" including Claimant.

50. At all relevant times, Respondents operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay service employees at the minimum wage and willfully failing to keep records required by the FLSA.

51. Claimant seeks damages in the amount of their respective unpaid minimum wage compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this tribunal deems just and proper.

## SECOND CLAIM FOR RELIEF
**(New York Minimum Wage Violations
New York Minimum Wage Act, N.Y. Stat. § 650 *et seq.*,
N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4)**

52. Claimant realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

53. Respondents knowingly paid the Claimant less than the New York minimum wage as set forth in N.Y. Lab. Law § 652 and supporting regulations of the New York State Department of Labor.

54. As a result of Respondents' willful and unlawful conduct, Claimant is entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### THIRD CLAIM FOR RELIEF
### (New York Notice Requirements, N.Y. Lab. L. §§ 195, 198)

55. Claimant realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

56. Respondents did not provide Claimant the correct notices and/or statements required by N.Y. Lab. Law § 195.

57. As a result of Respondents' unlawful conduct, Claimant is entitled to an award of damages in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### FOURTH CLAIM FOR RELIEF
### (New York Spread of Hours Provisions, N.Y. Lab. L. § 650 *et seq.*,
### N.Y. Comp. Code R. & Regs. tit. 12, § 146-1.6)

58. Claimant realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

59. Claimant had workdays that lasted more than ten (10) hours.

60. Respondents willfully and intentionally failed to pay Claimant one hour's pay at the basic New York minimum hourly wage rate when their workdays lasted more than ten (10) hours, as required by New York law.

61. As a result of Respondent' willful and unlawful conduct, Claimant is entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### FIFTH CLAIM FOR RELIEF
**(Internal Revenue Code, 26 U.S.C. § 7434)**

62. Claimant realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

63. Respondents willfully filed W-2 forms that were fraudulent with respect to Claimant's income.

64. As a result of Respondents' unlawful conduct, Claimant is entitled to an award of damages equal to the greater of $5,000 or the sum of his/her actual damages.

### SIXTH CLAIM FOR RELIEF
**(New York City Human Rights Law ("NYCHRL")
N.Y. Admin. L. §§ 8-101 *et seq.* – Gender Discrimination)**

65. Claimant realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

66. In violation of the NYCHRL, Respondents discriminated against Claimant on the basis of her gender.

67. As a direct and proximate consequence of Respondents' discrimination, Claimant has suffered, and continues to suffer, substantial monetary damages, including, but not limited to, a loss of income, including future salary.

68. Respondents' discrimination, Claimant has suffered, and continues to suffer, substantial non-monetary damages, including, but not limited to, emotional distress and physical pain and suffering.

69. Respondents' conduct was outrageous and malicious, was intended to injure, and was done with reckless indifference to Claimant's statutorily-protected civil rights.

70. As a result of Respondents' unlawful conduct, Claimant is entitled to compensatory damages, including but not limited to lost wages and damages for emotional distress, punitive damages, post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Claimant prays for relief as follows:

A. An award of damages, according to proof, including liquidated damages and punitive damages, to be paid by Respondents;

B. Penalties available under applicable laws;

C. Costs of action incurred herein, including expert fees;

D. Attorneys' fees;

E. Pre-judgment and post-judgment interest, as provided by law; and

F. Such other and further legal and equitable relief as this tribunal deems necessary, just and proper.