**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
**JOSEPH & KIRSCHENBAUM LLP,**

       **Plaintiff,**

       **v.**

**JERALD TENENBAUM and JOSH ROSEN,**

       **Defendants.**
-------------------------------------------------------x

**CASE NO.: 19 CV 5577 (KPF)**


# PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO ABSTAIN AND REMAND

JOSEPH & KIRSCHENBAUM LLP
D. Maimon Kirschenbaum
Denise A. Schulman
32 Broadway, Suite 601
New York, NY 10004

*Attorneys for Plaintiff*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. i

I.  PRELIMINARY STATEMENT ................................................................................ 1

II. STATEMENT OF FACTS .......................................................................................... 1

    A.    Plaintiff's Claims And Procedural History ...................................................... 1

    B.    MRG's Bankruptcy Plan .................................................................................. 3

III. ARGUMENT ............................................................................................................... 5

    A.    Mandatory Abstention Is Required .................................................................. 5

        i.    This action does not arise under Title 11 or in a Title 11 case ........................ 6

        ii.    This motion is timely ....................................................................................... 7

        iii.    This action is based on a state law claim ........................................................ 8

        iv.    Section 1334 provides the sole basis for federal jurisdiction ......................... 8

        v.    Plaintiff commenced an action in state court................................................... 8

        vi.    The action can be timely adjudicated in state court ........................................ 8

    B.    Permissive Abstention And Remand Are Appropriate ................................. 11

IV. CONCLUSION .......................................................................................................... 15

# TABLE OF AUTHORITIES

**Cases**

*C & A, S.E. v. P.R. Solid Waste Mgmt. Auth.*, 369 B.R. 87 (D.P.R. 2007) ......................7

*Drexel Burnham Lambert Group, Inc. v. Vigilant Ins. Co.*,
    130 B.R. 405 (S.D.N.Y. 1991)...............................................................................12

*Exeter Holdings, Ltd. v. AFC Real Estate, LLC (In re Exeter Holding, Ltd.)*,
    No. 11-77954-ast, 2013 Bankr. LEXIS 1008
    (Bankr. E.D.N.Y. Mar. 14, 2013) .......................................................................12,15

*Geltzer v. Riverbay Corp.*, No. 18 Civ. 11094,
    2019 U.S. Dist. LEXIS 29568 (S.D.N.Y. Feb. 25, 2019)...................................*passim*

*Ingenieria, Maquinaria Y Equipos de Colombia S.A. v. ATTS, Inc.*,
    No. 17-3624, 2017 U.S. Dist. LEXIS 202863 (D.N.J. Dec. 8, 2017)..................13

*Kirschenbaum v. U.S. Dep't of Labor (In re Robert Plan Corp.)*,
    777 F.3d 594 (2d Cir. 2015)................................................................................6,7

*Little Rest Twelve, Inc. v. Visan*, 458 B.R. 44 (S.D.N.Y. 2011)......................................7,12,13,14

*Montague Pipeline Techs. Corp. v. Grace/Lansing (In re Montague Pipeline Techs. Corp.)*,
    209 B.R. 295 (Bankr. E.D.N.Y. 1997)...............................................................*passim*

*Mt. McKinley Ins. Co. v. Corning Inc.*, 399 F.3d 436 (2d Cir. 2005)..............................6,8,10

*Parmalat Corp. Fin. Ltd. v. Bank of Am., Corp.*, 671 F.3d 261 (2d Cir. 2012)...............9

*Parmalat Corp. Fin. Ltd. v. Bank of Am. Corp.*, 639 F.3d 572 (2d Cir. 2011)................10

*Stern v. Marshall*, 564 U.S. 462 (2011).........................................................................5,6

*Taub v. Taub*, 413 B.R. 69 (Bankr. E.D.N.Y. 2009) .......................................................7

*Universal Well Servs. v. Avoca Natural Gas Storage*, 222 B.R. 26 (W.D.N.Y. 1998) ...15

**Statutes**

28 U.S.C. § 157................................................................................................................5,9

28 U.S.C. § 1332..............................................................................................................8

28 U.S.C. § 1334..............................................................................................................*passim*

28 U.S.C. § 1452..................................................................................................*passim*

28 U.S.C. § 1447..........................................................................................................7

N.Y. C.P.L.R. § 7510.............................................................................................3,8,9,14

N.Y. C.P.L.R. § 7511...................................................................................................9

N.Y. C.P.L.R. § 7514.................................................................................................3,8

I. **PRELIMINARY STATEMENT**

On May 20, 2019, Plaintiff Joseph & Kirschenbaum LLP filed a petition to confirm an arbitration award against Defendants Jerald Tenenbaum and Josh Rosen in New York County Supreme Court.[1] Tenenbaum and Rosen are jointly and severally liable under the arbitration award. Nonetheless, they have engaged in blatant forum shopping by filing a notice of removal based on the fact that their company, Manhattan River Group, LLC (which was also held jointly and several liable in the arbitration award), has filed for Chapter 11 bankruptcy.

This Court must abstain from hearing this action and remand it to state court because this is not a "core" bankruptcy proceeding and the remaining requirements of 28 U.S.C. § 1334(c)(2) are satisfied. Most significantly, abstaining will not impair the timely administration of Manhattan River Group's bankruptcy. Even if abstention were not mandated under 28 U.S.C. § 1334(c)(2), permissive abstention and remand of this action – which is only remotely related to Manhattan River Group's bankruptcy – are appropriate under 28 U.S.C. §§ 1334(c)(1), 1452(b) in the interest of justice and equity.

II. **STATEMENT OF FACTS**

**A. Plaintiff's Claims And Procedural History**

Plaintiff Joseph & Kirschenbaum LLP ("JK") is a New York law firm. (Schulman Decl. ¶ 2.) JK represented a client named Connie Rodriguez in an arbitration before JAMS that asserted employment discrimination and wage and hour claims against Manhattan River Group, LLC ("MRG"), which owned and operated the restaurant and bar called La Marina; Jerald Tenenbaum; Josh Rosen; and Andrew Walters. (*Id*. at ¶ 3.) Tenenbaum and Rosen are both owners of MRG, and Tenenbaum is MRG's general counsel. (*Id*. at ¶ 4.)

---

[1] With this memorandum, Plaintiff submits the July 8, 2019 declaration of Denise A. Schulman ("Schulman Decl.") and exhibits thereto ("Schulman Ex. [number]").

1

The arbitration agreement under which the arbitration proceeded was provided to Rodriguez and was a condition of her employment with MRG. (*Id*. at ¶ 5.) As Tenenbaum is MRG's general counsel, presumably he either drafted or approved the arbitration agreement. The arbitration agreement provides that "[j]udgment upon the [arbitration] award may be entered, and enforcement may be sought, *only* in a New York state court of competent jurisdiction." (Schulman Ex. 1 ¶ 7 (emphasis added).)

An arbitration hearing was held on March 26, 2018 before former Magistrate Judge Michael H. Dolinger. (Schulman Decl. ¶ 6.) On April 26, 2018, JAMS distributed an interim arbitral award to the parties' counsel in which Judge Dolinger ruled in respondents' favor as to the discrimination claims and in the claimant's favor as to the wage and hour claims. (*Id*. at ¶ 7.) The interim arbitral award further found that all respondents were jointly and severally liable for the wage and hour claims. (*Id*. at ¶ 8.) Thereafter, JK submitted a fee application in accordance with the interim arbitral award, and the respondents submitted their opposition. (*Id*. at ¶ 9.)

On June 26, 2018, JAMS informed JK that the final arbitral award had not yet been released because the respondents refused to pay their outstanding balance to JAMS. (*Id*. at ¶ 10.) While the final arbitral award was outstanding, JK filed an action (the "Fee Action") against MRG, Tenenbaum, and Rosen in this District for their attorneys' fees. (*Id*. at ¶ 11.) The Fee Action, case number 18 CV 10283, was assigned to this Court. (*Id*. at ¶ 12.) On or around December 20, 2018, while the Fee Action was pending, MRG filed for bankruptcy in this District (case number 2018 BK 14125). (*Id*. at ¶ 13.) Thereafter, this Court stayed the fee action with respect to MRG. (Fee Action Dkt. No. 12.) Tenenbaum and Rosen defaulted in the Fee Action. (Schulman Decl. ¶ 14.) After default was entered against them, Tenenbaum and Rosen asked

this Court to extend the bankruptcy stay to them. (Fee Action Dkt. No. 19.) This Court rejected that request, finding that there was "no basis" to do so. (Fee Action Dkt. No. 21.)

On May 3, 2019, JAMS released the final arbitral award (the "Final Arbitral Award") to the parties, which awarded attorneys' fees of $34,844.25 and $185 for a court reporter appearance fee incurred when respondents failed to appear for duly noticed depositions.[2] (Schulman Decl. ¶ 16.) Thereafter, JK dismissed the Fee Action without prejudice. (Schulman Decl. ¶ 18.) In accordance with the underlying arbitration agreement, on May 20, 2019, JK filed a petition (the "Petition") pursuant to N.Y. C.P.L.R. §§ 7510, 7514 to confirm the Final Arbitral Award and enter judgment in the New York County Supreme Court. (Schulman Decl. ¶ 19 & Ex. 2.) The only respondents named in the Petition – and the only respondents against whom JK currently seeks a judgment for the outstanding balance of the Final Award – are Tenenbaum and Rosen (collectively, "Defendants"). (Schulman Ex. 2.) JK timely served the Petition on Tenenbaum and Rosen, and the Petition was fully submitted on June 14, 2019 without opposition from Tenenbaum or Rosen. (Schulman Decl. ¶ 21.) On or about June 14, 2019, Tenenbaum and Rosen filed a notice of removal of the Petition to the Southern District of New York. JK was notified of the removal on June 17, 2019 through the New York Courts Electronic Filing system. (Schulman Decl. ¶ 22.)

### B. MRG's Bankruptcy Plan

On June 25, 2019, Bankruptcy Judge Sean H. Lane conditionally approved MRG's first amended disclosure statement. (Schulman Ex. 3.) JK has filed a claim in MRG's bankruptcy proceeding in the amount of $35,029.25, the amount due under the Final Arbitral Award. (Schulman Decl. ¶ 25.) Under MRG's proposed plan of reorganization (the "Bankruptcy Plan"

---

[2] The attorneys' fees were awarded jointly and severally against all respondents, and the court reporter fee was awarded jointly and severally against MRG and Rosen only. (Schulman Decl. ¶ 17.)

3

or "Plan"), JK's claim is part of the Class 2, general unsecured claims. (*Id.*; Schulman Ex. 4.) According to the disclosure statement, the total value of all Class 2 claims is approximately $450,000. (Schulman Ex. 4 at 10.) Under the Bankruptcy Plan, holders of Class 2 claims will receive at least 40% of the value of their claims, to be paid in three annual payments beginning 90 days after the appeal period for the Bankruptcy Court's order confirming the Plan has ended. (*Id.* at Ex. A ¶¶ 1.11, 1.15, 3.3.)

However, the continued operation of the reorganized debtor is highly contingent. MRG operated La Marina pursuant to licenses from the New York City Department of Parks and Recreation ("NYC Parks"). (Schulman Ex. 4 at 3.) Since filing for bankruptcy, MRG entered into an agreement with another company for it to take over management of La Marina. This management agreement is subject to the approval of the Bankruptcy Court, and NYC Parks, the licensor, has objected to such approval. (*Id.* at 6.) Moreover, NYC Parks has moved to terminate MRG's licenses entirely. (*Id.*) The financial projections relied upon in "guaranteeing" holders of Class 2 claims at least a 40% recovery are based on the successful future operations of the reorganized debtor. (*Id.* at 6, 10.) Tenenbaum and Rosen are not contributing to the payment of Class 2 claims (*Id.* at 10 ("These distributions shall come from the income from future operations realized by the Reorganized Debtor")), and no claims against Tenenbaum or Rosen will be discharged or released if the proposed plan is approved. (*Id.* at Ex. A ¶¶ 8.2, 8.3.) If the Bankruptcy Court rejects the management agreement and/or if MRG's licenses are terminated, the financial projections on which the Bankruptcy Plan is based will be mere hypotheticals, and holders of Class 2 claims, including JK, will likely receive little or no recovery.

Holders of Class 2 claims must vote on the Bankruptcy Plan by July 22, 2019, and a confirmation hearing is scheduled for July 29, 2019. (Schulman Decl. ¶ 26.)

## III. ARGUMENT

Defendants removed the Petition pursuant to 28 U.S.C. § 1452, which permits a party to remove an action to a district court that has jurisdiction under 28 U.S.C. § 1334. 28 U.S.C. § 1452(a). (Dkt. No. 2 at 1.) 28 U.S.C. § 1334(b) grants district courts jurisdiction of "civil proceedings arising under title 11 [*i.e.*, the Bankruptcy Code], or arising in or related to cases under title 11."

Cases that arise in a bankruptcy case or under Title 11 are considered "core proceedings" under 28 U.S.C. § 157, while cases that are merely "related to" Title 11 cases are not core proceedings. *Stern v. Marshall*, 564 U.S. 462, 467 (2011). 28 U.S.C. § 1334(c)(2) *requires* district courts to abstain from non-core proceedings that are related to a Title 11 case where certain additional criteria are satisfied. 28 U.S.C. § 1334(c)(1) permits district courts to abstain from core or non-core proceedings in the interest of justice or comity, and 28 U.S.C. § 1452(b) permits a court to remand a removed action "on any equitable ground."

Abstention is mandatory in this case because Plaintiff's Petition is a non-core proceeding and, as discussed below, the other criteria of 28 U.S.C. § 1334(c)(2) are satisfied. Even if Plaintiff's Petition were a core proceeding and/or the Court determined that certain criteria of 28 U.S.C. § 1334(c)(2) were not satisfied, permissive abstention and remand are proper. Accordingly, this Court should abstain and remand this proceeding to state court.

### A. Mandatory Abstention Is Required

28 U.S.C. § 1334(c)(2) provides:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is

> commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

Based on this provision, courts have described a six-factor test for mandatory abstention:

> (1) the motion to abstain is timely; (2) the action is based on a state law claim; (3) the action is "related to" but not "arising in" a bankruptcy case or "arising under" the Bankruptcy Code; (4) Section 1334 provides the sole basis for federal jurisdiction; (5) an action is commenced in state court; and (6) the action can be timely adjudicated in state court.

*Geltzer v. Riverbay Corp.*, No. 18 Civ. 11094, 2019 U.S. Dist. LEXIS 29568, at *6 (S.D.N.Y. Feb. 25, 2019)  As all of these criteria are satisfied, the Court must abstain and remand this case to state court.

### i. This action does not arise under Title 11 or in a Title 11 case

"The first step in a Section 1334(c)(2) abstention analysis is resolution of whether the proceeding is 'core[.]'" *Mt. McKinley Ins. Co. v. Corning Inc.*, 399 F.3d 436, 447 (2d Cir. 2005).  As the Supreme Court has explained, "core proceedings are those that arise in a bankruptcy case or under Title 11." *Stern*, 564 U.S. at 476.  Cases that are merely related to a bankruptcy, but do not arise in a bankruptcy case or under Title 11, are not core proceedings. *Id.* at 477.  Thus, the determination of whether or not a matter is a core proceeding determines the third of the six mandatory abstention factors.  Because Plaintiff's petition does not arise in a bankruptcy case or under Title 11, it is not a core proceeding.

A proceeding "arises under" Title 11 when it "clearly invoke[s] substantive rights created by federal bankruptcy law." *Kirschenbaum v. U.S. Dep't of Labor (In re Robert Plan Corp.)*, 777 F.3d 594, 597 (2d Cir. 2015) (internal quotation marks omitted).  The Petition seeks to enter an arbitration award pursuant to New York law and an arbitration agreement that granted exclusive jurisdiction over the enforcement of the award to the New York State courts.  Thus, it plainly does not invoke any substantive rights created by bankruptcy law, and this proceeding

does not arise under Title 11. *See C & A, S.E. v. P.R. Solid Waste Mgmt. Auth.*, 369 B.R. 87, 91 (D.P.R. 2007) ("The action to vacate the arbitration award does not arise under Title 11 as it does not involve a cause of action created or determined by the bankruptcy code[.]").

A proceeding "arises in" a Title 11 case when it is "not based on any right expressly created by the Bankruptcy Code, but nevertheless, would have no existence outside of the bankruptcy." *Kirschenbaum*, 777 F.3d at 597 (internal quotation marks and alterations omitted). The Petition was filed in state court to confirm an arbitration award concerning wage and hour claims against Tenenbaum and Rosen that pre-dated MRG's bankruptcy petition. As such, it certainly has an existence outside of MRG's bankruptcy, and this proceeding does not arise in a Title 11 case. *See Geltzer*, 2019 U.S. Dist. LEXIS 29568, at *5 (finding that personal injury claim that arose before the debtor field for bankruptcy did not arise in a bankruptcy case because it "would exist absent the bankruptcy proceedings").

Accordingly, this is not a core proceeding. At most, this action is merely related to MRG's bankruptcy. Because the remaining mandatory abstention factors are also met, the Court must remand this action pursuant to 28 U.S.C. § 1334(c)(2).

### ii. This motion is timely

This motion is timely. 28 U.S.C. § 1334(c)(2) does not define a "timely motion." *Taub v. Taub*, 413 B.R. 69, 75 (Bankr. E.D.N.Y. 2009). However, courts routinely consider motions to abstain and remand to be timely when filed within a month of the filing of the notice of removal. *E.g.*, *Geltzer*, 2019 U.S. Dist. LEXIS 29568, at *2, 6; *Little Rest Twelve, Inc. v. Visan*, 458 B.R. 44, 54-55 (S.D.N.Y. 2011); *cf.* 28 U.S.C. § 1447(c). Here, Plaintiff was served with the notice of removal on June 17, 2019 (Schulman Decl. ¶ 22), and this motion is being served on July 8, 2019, less than 30 days later. Accordingly, this motion is timely.

7

### iii. This action is based on a state law claim

The Petition arises solely under state law. Specifically, in the Petition JK seeks to enter an arbitration award against Tenenbaum and Rosen pursuant to N.Y. C.P.L.R. §§ 7510, 7514. (Schulman Decl. ¶ 19; Schulman Ex. 2.)

### iv. Section 1334 provides the sole basis for federal jurisdiction

Section 1334 is the sole basis for federal jurisdiction over this matter. The relevant arbitration agreement grants exclusive jurisdiction to New York state courts to enter and enforce the arbitration award. (Schulman Ex. 1 ¶¶ 7-8.) The Petition was filed pursuant to state law only, specifically, N.Y. C.P.L.R. §§ 7510, 7514. (Schulman Decl. ¶ 19; Schulman Ex. 2.) Moreover, even if the parties were diverse, the amount in controversy is less than $75,000 (Schulman Ex. 2), precluding jurisdiction under 28 U.S.C. § 1332. Accordingly, absent 28 U.S.C. § 1334, this Court would have no jurisdiction over this matter.

### v. Plaintiff commenced an action in state court

It is undisputed that Plaintiff commenced an action in New York state court by filing and serving the Petition. This criterion is therefore satisfied, even though Defendants have removed the action to this Court. *Mt. McKinley Ins. Co.*, 399 F.3d at 447.

### vi. The action can be timely adjudicated in state court

Plaintiff's Petition can be timely adjudicated in state court. When considering whether the state court forum can timely adjudicate an action, district courts consider four factors:

> (1) the backlog of the state court's calendar relative to the federal court's calendar;
> (2) the complexity of the issues presented and the relative expertise of each forum;
> (3) the status of the title 11 bankruptcy proceeding to which the state law claims are related; and (4) whether the state court proceeding would prolong the administration or liquidation of the estate.

*Geltzer*, 2019 U.S. Dist. LEXIS 29568, at *6-7. "The focus of the timely adjudication inquiry is the administration of the bankruptcy estate." *Id*. at *7.

> The four factors are meant to guide courts' analyses with respect to the ultimate balance, struck by Congress, between, on the one hand, creating a federal forum for purely state law cases which, due to delay, might impinge upon the federal interest in the administration of the bankruptcy estate, and, on the other, ensuring that purely state law cases remain in state courts when they would not significantly affect that federal interest.

*Parmalat Cap. Fin. Ltd. v. Bank of Am., Corp.*, 671 F.3d 261, 270 (2d Cir. 2012). It is clear that abstention and remand will in no way impede the administration of the bankruptcy estate. As such, this factor is satisfied.

First, Plaintiff's Petition is fully submitted and unopposed. The Petition is a summary proceeding commenced pursuant to N.Y. C.P.L.R. § 7510, which *requires* the state court to confirm the Final Arbitral Award. N.Y. C.P.L.R. § 7510 ("The court shall confirm an award upon application of a party made within one year after its delivery to him, unless the award is vacated or modified upon a ground specified in section 7511."). Thus, "an efficient means of confirming the arbitration award is available in the state court" and has in fact been commenced by Plaintiff. *Montague Pipeline Techs. Corp. v. Grace/Lansing (In re Montague Pipeline Techs. Corp.)*, 209 B.R. 295, 300 (Bankr. E.D.N.Y. 1997)

On the other hand, because, as discussed above, this is a non-core proceeding under 28 U.S.C. § 157, if this case were referred to the Bankruptcy Court[3], the Bankruptcy Court would be unable to enter a final order. Instead, the Bankruptcy Court could merely submit proposed findings of fact and law to this Court, which could then enter a final order or judgment. 28 U.S.C. § 157(c)(1) (in a non-core proceeding, "the bankruptcy judge shall submit proposed

---

[3] In their notice of removal, Defendants stated that they intended to seek an order referring this matter to the Bankruptcy Court. (Dkt. No. 2 ¶ 11.) That they have yet to do so over three weeks after filing their notice of removal suggests that they are not terribly concerned with the efficient resolution of this matter.

9

findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected"); *Mt. McKinley Ins. Co.*, 399 F.3d at 448. As (1) the debtor, MRG, is not a party to this matter and (2) "confirmation of an arbitration award [is a matter of state law that] does not require any special expertise which the bankruptcy court may have", this process would be inefficient and a waste of judicial resources *Montague Pipeline Techs. Corp.*, 209 B.R. at 300 (noting also that "remand of the state court action will allow this Court to focus its attention on a docket already crowded with matters directly related to the administration of this and other bankruptcy cases").

"As to the third factor – the status of the 'related to' title 11 bankruptcy proceeding – a court must consider whether the litigants in a state proceeding need the state law claims to be quickly resolved as a result of the status of the ongoing title 11 bankruptcy proceeding." *Parmalat Cap. Fin. Ltd. v. Bank of Am. Corp.*, 639 F.3d 572 (2d Cir. 2011). In this case, the answer to that question is clearly no. Plaintiff's Petition is only remotely related to MRG's bankruptcy proceedings. Notably, the debtor, MRG, is not a party to the Petition. By the Petition, Plaintiff seeks to enter and then enforce a judgment against Tenenbaum and Rosen, who are jointly and severally liable with MRG. Plaintiff's claim against MRG will be reduced or eliminated only if and when they succeed in collecting part or all of the arbitration award from Tenenbaum and Rosen. However, MRG's disclosure statement has already been sent to creditors. The deadline to vote to accept or reject MRG's proposed bankruptcy plan is July 22, 2019, and a confirmation hearing is scheduled for July 29, 2019. (Schulman Decl. ¶¶ 23, 26.) Given this timeline, it is inconceivable that – in any forum – Plaintiff will be able to obtain a

judgment and successfully collect from Tenenbaum and/or Rosen before either the voting deadline or the confirmation hearing.[4] Accordingly, nothing will happen before the confirmation hearing – short of Tenenbaum and Rosen voluntarily paying what they owe under the Final Arbitral Award – that will affect MRG's estate or the resolution of it bankruptcy proceeding.

For similar reasons, abstention and remand will in not "prolong the administration or liquidation of the estate." If MRG's bankruptcy plan is approved at the confirmation hearing, Class 2 creditors will be paid over three years. If, over that time period, Plaintiff collects from Tenenbaum and/or Rosen, it will amend its claim against MRG, in accordance with the Bankruptcy Plan. (Schulman Ex. 4, Ex. A ¶ 7.2.) If MRG's Bankruptcy Plan is not approved, MRG will liquidate (in which case Class 2 creditors will receive no payment (Schulman Ex. 4 at 20)) and/or propose a new plan. Neither of these processes would be prolonged by abstention and remand. Accordingly, this matter can be timely adjudicated in state court.

For the foregoing reasons, all of the mandatory abstention criteria are satisfied, and this case must be remanded to state court.

### B. Permissive Abstention And Remand Are Appropriate

Even if the Court were not mandated to abstain under 28 U.S.C. § 1334(c)(2), the Court should abstain and remand this action pursuant to 28 U.S.C. § 1334(c)(1) and/or 28 U.S.C. § 1452(b). 28 U.S.C. § 1334(c)(1) provides, "[N]othing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a

---

[4] To be sure, assuming that Defendants submit their opposition to this motion in two weeks and Plaintiff submits its reply one week after that, this motion will be fully briefed on the date of the confirmation hearing. Once the Bankruptcy Plan is approved, pursuing the Petition in state court "will not and cannot pose any risk of prolonging [MRG's] bankruptcy estate's administration or liquidation." *Geltzer*, 2019 U.S. Dist. LEXIS 29568, at *8.

11

case under title 11." 28 U.S.C. § 1452(b) provides that any case removed pursuant to 28 U.S.C. § 1452(a), as this case was, may be remanded "on any equitable ground."

Courts consider the same factors under 28 U.S.C. § 1334(c)(1) and 28 U.S.C. § 1452(b). *E.g.*, *Exeter Holdings, Ltd. v. AFC Real Estate, LLC (In re Exeter Holding, Ltd.)*, No. 11-77954-ast, 2013 Bankr. LEXIS 1008, at *22 (Bankr. E.D.N.Y. Mar. 14, 2013); *Little Rest Twelve, Inc.*, 458 B.R. at 60. Specifically, courts consider:

> (1) The effect on the efficient administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty or unsettled nature of the applicable state law; (4) comity; (5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (6) the existence of the right to a jury trial; and (7) prejudice to the involuntarily removed [party].

*Geltzer*, 2019 U.S. Dist. LEXIS 29568, at *6. Additional relevant factors include "the presence of a related proceeding commenced in state court . . . and the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties." *Little Rest Twelve, Inc.*, 458 B.R. at 60. These factors weigh heavily in favor of abstention and remand.

For the reasons set forth *supra* Section III.A.vi., remanding Plaintiff's Petition will not impede the efficient administration of the bankruptcy estate. *See also Montague Pipeline Techs. Corp.*, 209 B.R. at 300 (finding that remand of action to confirm arbitration award "will assist in the efficient administration of the bankruptcy estate"). "In fact, retention of federal jurisdiction could detract from the efficient administration of the estate and impose an unnecessary burden on the Bankruptcy Court by requiring the bankruptcy court to expend time and resources on the state law action that could otherwise be spent administering to the estate." *Drexel Burnham Lambert Group, Inc. v. Vigilant Ins. Co.*, 130 B.R. 405, 408 (S.D.N.Y. 1991).

Issues of state law more than predominate in this matter. The *only* issues in Plaintiff's Petition are issues of state law, as discussed *supra*, *Little Rest Twelve, Inc.*, 458 B.R. at 60, and "there is no suggestion that a federal court has greater expertise on any question that may arise." *Geltzer*, 2019 U.S. Dist. LEXIS 29568, at *11. Moreover, "[c]omity as a general matter counsels leaving matters of state law to state courts[.]" *Little Rest Twelve, Inc.*, 458 B.R. at 60.

The relationship between Plaintiff's Petition and MRG's bankruptcy is remote at best. Notably, the debtor, MRG, is not a party to the Petition, and no claims against Tenenbaum or Rosen will be discharged if the Bankruptcy Plan is confirmed. (Schulman Ex. 4 at 10; Schulman Ex. 4, Ex. A ¶¶ 8.2, 8.3.) MRG, Tenenbaum, and Rosen are jointly and severally liable for the amount due under the arbitration award, so Plaintiff has the right to collect that amount from whichever party(ies) it chooses. *Ingenieria, Maquinaria Y Equipos de Colombia S.A. v. ATTS, Inc.*, No. 17-3624, 2017 U.S. Dist. LEXIS 202863, at*14 (D.N.J. Dec. 8, 2017) ("A successful party who has won an arbitration award against two parties, jointly and severally, is free to pursue either one or both parties. By seeking to enforce the arbitrators' award only against the non-bankrupt party, IMECOL is clearly within its rights."). When Plaintiff obtains a judgment against Tenenbaum and Rosen, it will attempt to collect from them. Only if Plaintiff is successful in those collections efforts will its claim against MRG be reduced or eliminated. Thus, there is no direct relationship between the Petition and MRG's bankruptcy. To be sure, in the Fee Action, this Court denied Defendants' request to extend the bankruptcy stay to them, further suggesting the remote impact of Plaintiff's Petition on MRG's bankruptcy.

Perhaps most significantly, Plaintiff is prejudiced by the removal of its Petition from state court, which was blatant forum shopping by Defendants. Defendants and MRG, through their arbitration agreement with Rodriguez, chose New York state court as the exclusive forum in

which the Final Arbitral Award may be enforced. (Schulman Ex. 1, ¶¶ 7, 8.) Now that Tenenbaum and Rosen (1) have been held jointly and severally liable in arbitration and (2) are likely the only parties from which JK can obtain a full recovery, they seek to move the Petition from *their* chosen forum. The only logical reason for doing so is that they know that the Final Arbitral Award will be entered against them in state court in light of the mandatory language of N.Y. C.P.L.R. § 7510, and they hope to obtain relief from that in the Bankruptcy Court. *See Montague Pipeline Techs. Corp.*, 209 B.R. at 303 (noting that parties would be prejudiced by removal of action to confirm arbitration award if the Federal Arbitration Act rather than N.Y. C.P.L.R. Article 75 were found to apply in federal court). In short, they are forum shopping. *Little Rest Twelve, Inc.*, 458 B.R. at 60 ("[T]he removal petitions produce an unmistakable impression of forum-shopping on the part of the old management, which appeared to remove the cases to avoid the state court forum that it had originally chosen shortly before the state court judge was about to issue a decision[.]"). What's more, the release of the Final Arbitral Award was delayed by roughly a year because of Defendants' and MRG's unwarranted refusal to pay outstanding fees to JAMS that they owed under the arbitration agreement and their agreement with JAMS. This delay prevented JK from collecting from MRG before it filed for bankruptcy, and the continued delay caused by Defendants' present legal gamesmanship prejudices JK by preventing it from collecting its awarded fees from solvent individuals who have been found jointly and severally liable.

In short, (1) abstention and remand will not impede the efficient administration of MRG's bankruptcy; (2) this is a purely state law matter; (3) this matter is, at most, remotely related to MRG's bankruptcy; (4) Plaintiff is highly prejudiced by Defendants' removal of its state court action; and (5) Defendants are engaging in forum shopping. Accordingly, abstention and remand

14

are appropriate here in the interests of justice and equity. *E.g.*, *Exeter Holdings, Ltd.*, 2013 Bankr. LEXIS 1008 (abstaining and remanding pursuant to 28 U.S.C. §§ 1334(c)(1), 1452(b) where remand would not adversely affect the efficient administration of the bankruptcy case, there were pending proceedings in state court in which state law claims predominated, there was no basis for federal jurisdiction other than 28 U.S.C. § 1334, and the underlying action was not closely related to the bankruptcy case); *Montague Pipeline Techs. Corp.*, 209 B.R. 295 (remanding action to confirm arbitration award pursuant to 28 U.S.C. § 1452(b)); *Universal Well Servs. v. Avoca Natural Gas Storage*, 222 B.R. 26, 32 (W.D.N.Y. 1998) (finding permissive abstention under 28 U.S.C. § 1334(c)(1) appropriate where "all of the remaining parties are non-debtors, the plaintiffs' claims are based exclusively on state law, the actions are only remotely related to the bankruptcy proceedings, and federal retention of the cases would not aid in the administration of the bankruptcy estate").

## IV. CONCLUSION

For the reasons set forth herein, this matter should be remanded to state court.

Dated: New York, New York
      July 8, 2019                      JOSEPH & KIRSCHENBAUM LLP

                                          By: /s/ Denise A. Schulman
                                              D. Maimon Kirschenbaum
                                              Denise A. Schulman
                                              32 Broadway, Suite 601
                                              New York, New York 10004
                                              (212) 688-5640

                                          *Attorneys for Plaintiff*