MORRISON TENENBAUM, PLLC
87 Walker Street, Floor 2
New York, New York 10013
Tel 212-620-0938

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
JOSEPH AND KIRSCHENBAUM LLP,

                                      Plaintiff.

                       -against-

JERALD TENENBAUM., and JOSH ROSEN,

                                    Defendants.
-------------------------------------------------------------------x

S.D.N.Y. District Court
Index No.19-CV- 05577

NY Supreme Court – NY County
Index No. 652987/2019

## DEFENDANT'S REPLY IN OPPOSITION TO
## PLAINTIFF'S MOTION TO ABSTAIN AND REMAND

      Defendants, Jerald Tenenbaum and Josh Rosen, by and through their attorneys Morison Tenenbaum, PLLC, file this Memorandum in Opposition of Plaintiff's Motion to Remand this action to the New York State Supreme Court, New York County, or for the Court to abstain from hearing this case, The Court should deny Plaintiffs' Motion based on the following:

## BACKGROUND

      This action involves claims brought against Defendants by Joseph and Kirschenbaum, LLP., a New York Law Firm for an arbitration award of attorneys' fees in the amount of $34,844.25, jointly and severally against all arbitration respondents, that is, against Manhattan River Group, LLC ("MRG"), Jerald Tenenbaum ("Tenenbaum"), Joshua Rosen ("Rosen"), and Andrew Walters ("Walters").

      MRG filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court, Southern District of New York on December 20, 2018 under bankruptcy case number 18-14125(SHL) (the "Bankruptcy Case").

The issues at stake in the present action are inextricably linked to the Bankruptcy Case. The connections to the Bankruptcy Case include, but are not limited to, the following:

a) First, if the Bankruptcy Court approves Debtor's proposed restructuring plan, the Guarantors, including Tenenbaum and Rosen, may be relived of any liability under the alleged guarantees that Plaintiff in the instant action seeks to enforce.

b) Second, any recovery awarded under the guarantees would be subject to a reduction of monies paid by the Debtor.

c) Third, the Guarantors, including Rosen and Tenenbaum, have a defense of election of remedies, and the Plaintiff is required to elect its remedies, pursuant to the agreement by and between all parties in the instant action.

d) Fourth, the prohibition against duplicative recovery requires that, in the event a judgment is enforced by Plaintiff in this action, the resulting recovery be applied as an offset to reduce its claims against the bankruptcy estate, thereby potentially increasing the distribution to the Plaintiff and other potential creditors.

Each claim and cause of action in this action is related to the Bankruptcy Case  This action is one arising under title 11 or arising in or related to [a case] under title 11," and this Court therefore has original jurisdiction over this action.  28 U.S.C. §1334(b).

## ARGUMENT

## I. THE REMOVED ACTION IS NOT SUBJECT TO MANDATORY ABSTENTION UNDER 28 U.S.C. § 1334(C)(2)

### A. Section 1452 Must Be Interpreted to Favor Removal of the Removed Action

The weakness of  Plaintiff's removal arguments is immediately evident when viewed against the backdrop of the bankruptcy removal statute, 28 U.S.C. § 1452. ("Section 1452"). See generally,

In re WorldCom Securities Litigation, 293 B.R. 308 (S.D.N.Y. 2003). In seeking remand, the Plaintiff wholly ignores and never addresses the plain language, purpose and intent of Section 1452. Indeed, to do so would expose its transparent attempt to artificially distance the adjudication of the Removed Action from the efficient administration of the bankruptcy case.

Section 1452(a) permits the removal to federal court of any claim over which the federal district court has jurisdiction pursuant to 28 U.S.C. § 1334 ("Section 1334"). It was enacted to promote federal court jurisdiction over specified bankruptcy-related claims. See WorldCom, 293 B.R at 328. Thus, interpreting Section 1452 to allow removal for all actions over which there is bankruptcy jurisdiction, saving two delineated exceptions [not applicable here], is consistent with the purpose of the Bankruptcy Code."

More so, Congress, meant to enlarge, not rein in, federal trial court removal/remand authority for claims related to the bankruptcy cases when it added § 1452 to the Judicial Code chapter on removal of cases from state courts. Congress realized that the bankruptcy court's jurisdictional reach was essential to the efficient administration of bankruptcy proceedings and that both the Second Circuit and the Supreme Court have broadly construed the jurisdictional grant in the 1984 Bankruptcy Amendments. In short, so long as this Court has jurisdiction over the Removed Action, as it clearly does here, "the efficiency and reorganization goals of the Bankruptcy require interpreting Section 1452 in favor of federal jurisdiction and removal except in the limited cases it expressly excepts."

In challenging the appropriateness of removal, the Plaintiff also places much stock the fact that, absent Section 1334, there is purportedly no independent basis for federal court jurisdiction. The Plaintiff misses the point. Section 1452(a) provides for the removal of otherwise non-removable claims; it purposefully allows for the removal of claims that would not otherwise be subject to federal

jurisdiction, reflecting a strong Congressional "preference for coordinating bankruptcy-related actions in federal court. More so, the Plaintiff's previously commenced this action in Federal Court under Case No: 18-Cv-10283 where they included federal labor claims.

**B. The Removed Action is a Core Proceeding**

Proceedings that arise under title 11, or arise in a case under title 11, correspond to the Court's core jurisdiction. Generally, a core proceeding is one that invokes a substantive right under title 11, or could only arise in the context of a bankruptcy case. . The Second Circuit has held that core proceedings should be given a broad interpretation that is close to or congruent with constitutional limits as set forth in <u>Northern Pipeline Const. Co. v. Marathon Pipe Line Co., 458 U.S. 50, 87 (1982),</u> and that Marathon is to be construed narrowly." <u>Mt. McKinley Ins. Co. v. Corning Inc., 399 F.3d 436, 448 (2d Cir. 2005).</u>

Here, the claims and cause of action subject to removal are "core" maters with respect to the Manhattan River Group's bankruptcy proceedings because their resolution will have a clear and direct impact on property of the estate under 11 U.S.C. §541. Judge Lane Judge Lane signed an order approving the disclosure statement on a final basis and confirming the debtor's second amended plan of reorganization. Once the plan of Reorganization becomes effective the Plaintiff will begin to receive payments from the estate. Indeed, the rights and responsibilities of the parties to this action cannot be decided without threshold determinations by the Bankruptcy Court, and certain claims are mooted by the restructuring plan.

<u>**CONCLUSION**</u>

For all of the foregoing reasons removal of the Removed Action was appropriate and this Court should retain jurisdiction to finally adjudicate it. On the other hand, the Removing Parties have not established the elements of mandatory abstention under Section 1334(c)(2) and have not

met their burden for permissive abstention under Section 1334(c)(1) or equitable Remand under Section 1452(b). Thus, removal was appropriate, jurisdiction is proper and matters of efficiency and centralization of disputes warrant the denial of the Remand Motions.

Dated: New York, New York
       August 9, 2019

                                        **MORRISON TENENBAUM PLLC**

                                        By: /s/ Brian J. Hufnagel
                                        Brian J. Hufnagel, Esq.
                                        Attorneys for Defendants
                                        87 Walker Street, Second Floor
                                        New York, NY 10013
                                        Tel: (212) 620-0938
                                        Fax: (646) 390-5095