UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
**JOSEPH & KIRSCHENBAUM LLP,**

      **Plaintiff,**

v.

**JERALD TENENBAUM and JOSH ROSEN,**

      **Defendants.**
---------------------------------------------------------x

CASE NO.: 19 CV 5577 (KPF)

## PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO ABSTAIN AND REMAND

JOSEPH & KIRSCHENBAUM LLP
D. Maimon Kirschenbaum
Denise A. Schulman
32 Broadway, Suite 601
New York, NY 10004

*Attorneys for Plaintiff*

I. **PRELIMINARY STATEMENT**

Defendants' opposition to Plaintiff's motion to abstain and remand this improperly removed action is nothing more than the latest iteration of their dilatory effort to use the Chapter 11 bankruptcy of their company, Manhattan River Group, LLC ("MRG"), to evade responsibility for an arbitral award of attorneys' fees as to which *they admit they are jointly and severally liable*. (*See* Defs.' Mem. at 1.)[1] In its opening brief, Plaintiff argued that this action is not a "core" bankruptcy proceeding and, therefore, abstention and remand to the state court was mandatory under 28 U.S.C. § 1334(c)(2) because all requirements of that subsection were satisfied. Plaintiff further argued that, even if mandatory abstention were not warranted under 28 U.S.C. § 1334(c)(2), permissive abstention and remand of this action are appropriate under 28 U.S.C. §§ 1334(c)(1) and 1452(b) in the interest of justice and equity.

The *only* argument raised by Defendants in response is that mandatory abstention is not appropriate under § 1334(c)(2) because this action is a "core" bankruptcy proceeding. (Opp'n at 2-5.) This contention lacks foundation in law or fact. To reiterate: (1) this action involves a pure issue of New York state law – whether to confirm an arbitration award against Defendants Tenenbaum and Rosen entered in connection with wage claims that pre-date MRG's bankruptcy; (2) MRG, the only relevant Chapter 11 debtor, is not a party to this action; (3) Plaintiff does not seek confirmation of the arbitration award against MRG; and (4) neither of the Defendants here have filed for bankruptcy. As set forth in Plaintiff's moving brief, this action is not "core" because it simply does not "arise under" Title 11 or "arise in" a Title 11 case.

But even if Defendants had a valid basis to argue that this case is a "core" bankruptcy proceeding (they do not), Defendants have abandoned any claim that permissive abstention and

---

[1] As Defendants' memorandum of law does not include page numbers, Plaintiff cites to the ECF pagination.

1

remand is inappropriate under 28 U.S.C. §§ 1334(c)(1) and 1452(b) by failing to contest any of Plaintiff's arguments on this point.  Moreover, now that MRG's bankruptcy plan has been confirmed, the bankruptcy court's jurisdiction is more limited than it was when Defendants removed this action.  Under those limits, there is no jurisdiction here.  Accordingly, Plaintiffs' motion should be granted.

## II.     ARGUMENT

### A. The Bankruptcy Court's Recent Confirmation of MRG's Plan of Reorganization Limits the Bankruptcy Court's Jurisdiction

As Defendants point out, on August 9, 2019, the Bankruptcy Court entered an order approving MRG's Disclosure Statement and confirming its reorganization plan. (*See* Tenenbaum Decl. ¶ 6; *see also In re Manhattan River Group*, 18-bk-14125 (Bankr. S.D.N.Y.), Dkt. No. 80 (Order).)  "Once a reorganization plan has been confirmed, the bankruptcy court's jurisdiction shrinks."  *T-Bone Rest. LLC v. GE Capital Corp.*, No. 12-cv-122 (BSJ), 2012 U.S. Dist. LEXIS 187970, at *11 (S.D.N.Y. Aug. 16, 2012) (citing cases, quotation marks omitted). In the post-confirmation context, the party invoking bankruptcy jurisdiction must demonstrate that the matter has a "close nexus" to the bankruptcy process in that it "affects an integral aspect" of that process.  *In re MGM Studios*, 459 B.R. 550, 556 (Bankr. S.D.N.Y. 2011).  Further, "[t]he distinction between core and non-core matters is less important after a plan has been confirmed because even a core proceeding must have some direct effect on the reorganization plan in order to fall within the bankruptcy court's more limited jurisdiction."  *T-Bone Rest. LLC*, 2012 U.S. Dist. LEXIS 187970, at *13 (citing *In re Gen. Media, Inc.*, 335 B.R. 66, 74 (Bankr. S.D.N.Y. 2005)).

Here, as set forth in Plaintiff's opening brief, far from there being a "close nexus" to MRG's bankruptcy proceeding, the petition to confirm the arbitration award against Tenenbaum

and Rosen has only the most attenuated and speculative relationship to MRG's bankruptcy. First the propriety of confirming the arbitration award against Tenenbaum and Rosen under N.Y. C.P.L.R. §§ 7510 and 7514 in this action will not require a court to consult or interpret MRG's reorganization plan. *See In re Park Ave. Radiologists, P.C.*, 450 B.R. 461, 470 (Bankr. S.D.N.Y. 2011) (no "close nexus" where resolution of the disputes "will not require the Court to consult the Plan or interpret any provisions contained therein"); *see also Binder v. Price Waterhouse & Co. (In re Resorts Int'l, Inc.)*, 372 F.3d 154, 170 (3d Cir. 2004) (no "close nexus" where the issue of whether litigant "was negligent or breached its contract will not be determined by reference to [a reorganization plan or its incorporated litigation trust agreement]").

Next, Tenenbaum and Rosen are non-debtors who are not contributing to the payment of any bankruptcy claims asserted against MRG and have not had any claims discharged or released as a result of the confirmation of MRG's reorganization plan. The only possible effect the entry of judgment against these two non-debtors could have on MRG's reorganization plan is that, assuming Plaintiff could successfully collect on that judgment against Tenenbaum and/or Rosen, Plaintiff's claim against MRG may have to be amended to reflect its reduced liability. (*See* Pl.'s Mem. at 11.) The only potential outcome of such an amendment would either inure to the benefit of MRG or increase the distribution to the remaining creditors. Such attenuated effects are not sufficient to establish the required "close nexus." *See, e.g.*, *In re Park Ave. Radiologists, P.C.*, 450 B.R. at 470 (required "nexus" lacking where "any recovery in th[e] case would inure solely to the benefit of the Reorganized Debtor"); *see also id.* at 469-70 (noting that the Third Circuit in *In re Resorts Int'l, Inc.* had found that the required nexus did not exist where "any recovery . . . would have increased the distribution to creditors").

Finally, Defendants' assertion that the resolution of this case "will have a clear and direct impact on the property of the [bankruptcy] estate under 11 U.S.C. § 541," is erroneous as a matter of law. (Defs.' Mem. at 4.) Upon confirmation of a reorganization plan, the bankruptcy "estate comes to an end, and ceases to exist." *In re Gen. Media, Inc.*, 335 B.R. at 74 (citing 11 U.S.C. § 1141(b)). Here, MRG's approved disclosure statement and confirmed reorganization plan expressly provides that payments to the Class 2 claimants like Plaintiff will be funded by the reorganized debtor's future operations, not by any residual property of the bankruptcy estate. (*See* Schulman Decl., Ex. 4 at 10; Pl.'s Mem. at 3-4.) Thus, Defendants are simply incorrect that the resolution of the claims against Tenenbaum and Rosen will affect the property of the bankruptcy estate.

Because MRG's Chapter 11 Plan has been confirmed and Defendants cannot demonstrate the required "close nexus" between the issues in this case and MRG's bankruptcy plan or process, jurisdiction is lacking here.

### B. Mandatory Abstention is Required

Even if jurisdiction remained valid after the confirmation of MRG's Chapter 11 plan, Defendants have utterly failed to meet their burden of demonstrating that the test for mandatory abstention under 28 U.S.C. § 1334(c)(2) has not been met. *See Allstate Ins. Co. v. Ace Secs. Corp.*, No. 11-cv-1914 (LBS), 2011 U.S. Dist. LEXIS 91989, at *22-23 (S.D.N.Y. Aug. 17, 2011) ("Defendants bear the burden of demonstrating that the test for mandatory abstention has not been met.").

Defendants spend much of their brief arguing that Plaintiff has somehow ignored and "never address[ed]" the plain language of 28 U.S.C. § 1452, the bankruptcy removal statue. (Defs.' Mem. at 2-4.) The point of Defendants' extensive discussion of § 1452 is difficult to

4

ascertain. Plaintiff has no quibble with Defendants' assertion that § 1452 "permits the removal to federal court of any claim over which the federal district court has jurisdiction pursuant to 28 U.S.C. § 1334." (Defs.' Mem. at 3.) Plaintiff's argument, rather, is that even if such jurisdiction exists (which it no longer does for the reasons set forth above), § 1334 *itself* requires the Court to consider whether to abstain from exercising that jurisdiction. To be sure, cases from which a court abstains pursuant to 28 U.S.C. § 1334(c)(2) have typically been removed pursuant to 28 U.S.C. § 1452, as one of the 28 U.S.C. § 1334(c)(2) requirements is that an action has been commenced in state court. *E.g.*, *Geltzer v. Riverbay Corp.*, No. 18 Civ. 11094, 2019 U.S. Dist. LEXIS 29568 (S.D.N.Y. Feb. 25, 2019); *Little Rest Twelve, Inc. v. Visan*, 458 B.R. 44 (S.D.N.Y. 2011); *C & A, S.E. v. P.R. Solid Waste Mgmt. Auth.*, 369 B.R. 87 (D.P.R. 2007); *Exeter Holding, Ltd. v. AFC Real Estate, LLC (In re Exeter Holding, Ltd.)*, 2013 Bankr. LEXIS 1008 (Bankr. E.D.N.Y. Mar. 14, 2013).

Plaintiff argued in its opening brief that mandatory abstention is required in this case under 28 U.S.C. § 1334(c)(2) because this case is not a "core" bankruptcy proceeding and the remaining requirements of the mandatory abstention test had been met. (*See* Pl.'s Mem. at 5-11.) "[C]ore proceedings are those that arise in a bankruptcy case or under Title 11." *Stern v. Marshall*, 564 U.S. 462, 476 (2011). Plaintiff's petition to confirm an arbitration award pursuant to New York state law against two non-debtors does not "arise under Title 11" because it does not "invoke any substantive rights" created by bankruptcy law. *Kirschenbaum v. U.S. Dep't of Labor (In re Robert Plan Corp.)*, 777 F.3d 594, 597 (2d Cir. 2015); *see C & A, S.E.*, 369 B.R. at 91 ("The action to vacate the arbitration award does not arise under Title 11 as it does not involve a cause of action created or determined by the bankruptcy code[.]"). Similarly, this case, which involves claims against non-debtors that pre-dated MRG's bankruptcy, does not "arise in a

5

bankruptcy case" because it clearly has an "existence outside of the bankruptcy." *Kirschenbaum*, 777 F.3d at 597 (internal quotation marks and alterations omitted).

Defendants' argument that this case is a "core" proceeding with respect to MRG's bankruptcy because its "resolution will have a clear and direct impact on the property of the [bankruptcy] estate" (Defs.' Mem. at 5), is meritless for the reasons discussed above. In fact, Defendants' argument completely ignores controlling Supreme Court precedent holding that only cases arising under Title 11 or in a Title 11 case are core proceedings. *Stern*, 564 U.S. at 476. In addition, there is no bankruptcy estate post-confirmation. *In re Gen. Media, Inc.*, 335 B.R. at 74. Even if there were, the resolution of the petition to confirm the award against the non-debtors here would have no effect on any "property" of that estate because the only claims affected would be those under Class 2 of MRG's reorganization plan, which are funded entirely by the reorganized debtor's future operations, not any existing estate "property." (*See* Schulman Decl., Ex. 4 at 10; Pl.'s Mem. at 3-4.)

In short, this case is not a "core" bankruptcy proceeding and is only tangentially "related" to the MRG bankruptcy. As such, abstention is mandatory under § 1334(c)(2) because the remaining requirements of that subsection have also been met. (*See* Pl.'s Mem. at 7-11.) With respect to these remaining requirements, Defendants suggest that Plaintiff is mistaken that there is no independent basis for federal jurisdiction over this case other than Section 1334. (Defs.' Mem. at 3.) While their argument is difficult to follow, Defendants appear to contend that there is no need for federal jurisdiction because the bankruptcy removal statute, 28 U.S.C. § 1452(a), "allows for the removal of claims that would otherwise not be subject to federal jurisdiction." (*Id.*).

Defendants conflate a statute permitting removal with a statute conferring jurisdiction. Section 1452(a) does not confer jurisdiction on the federal courts to consider any claims that may somehow be related to bankruptcy – it permits the removal of cases only "if [the] district court has jurisdiction of such claim or cause of action under section 1334." 28 U.S.C. § 1452(a). Section 1334 is the statute that confers jurisdiction for claims arising in or relating to bankruptcy, and Defendants do not (and cannot) cite any other basis for federal jurisdiction over this proceeding.[2]

As Section 1334 is the only source of federal jurisdiction over this non-core proceeding that is based solely on state law and was commenced in state court, this Court may "refuse to abstain [under § 1334(c)(2)] only if the lawsuit could not be timely adjudicated in state court." *Mt. McKinley Ins. Co. v. Corning Inc.*, 399 F.3d 436, 447 (2d Cir. 2005). Defendants make no argument that this case – which involves a summary proceeding to confirm an arbitral award that is fully submitted and unopposed – cannot be timely adjudicated by the state courts. (Defs.' Mem. at 2-5.) Accordingly, this Court must abstain and remand pursuant to § 1334(c)(2).

### C. Defendants Have Waived any Argument as to the Appropriateness of Permissive Abstention

Defendants have not responded to any of Plaintiff's arguments as to the appropriateness of permissive abstention under 28 U.S.C. § 1334(c)(1) and/or 28 U.S.C. § 1452(b). (*See* Pl.'s Mem. at 11-15; *see generally* Defs.' Mem.) By failing to respond to this fully briefed argument, Defendants have abandoned any argument that permissive abstention is inappropriate here. *Cf.*

---

[2] Defendants' assertion that "Plaintiff[] previously commenced this action in Federal Court under Case No. 18-cv-10283 where they included federal labor claims" is made in complete bad faith. As an initial matter, as this Court is aware, the proceeding in Docket No. 18-cv-10283, was not a petition to confirm an arbitration award. In fact, Plaintiff could not confirm an award at that point because Defendants had shirked their obligations to pay JAMS, the arbitration company they had selected, and as a result, JAMS would not release the award. (*See* 18-cv-10283, Dkt No. 1 (Compl.).) Thus, Plaintiff was required to initiate an original proceeding under the Fair Labor Standards Act to obtain the attorneys' fees to which they were entitled. (*Id.*). That action was voluntarily dismissed when JAMS released the final arbitration award. (Pl.'s Mem. at 3.)

7

*Jackson v. Fed. Express*, 766 F.3d 189, 198 (2d Cir. 2014) ("[I]n the case of a counseled party, a court may, when appropriate, infer from a party's partial opposition [to summary judgment] that relevant claims or defenses that are not defended have been abandoned."); *Tinnin v. Section 8 Program of City of White Plains*, 706 F. Supp. 2d 401, 408 n.5 (S.D.N.Y. 2010) (deeming argument abandoned where the "[p]laintiff did not respond to [the] argument in her brief"); *Anti-Monopoly, Inc., v. Hasbro, Inc.*, 958 F. Supp. 895, 907 n.l1 (S.D.N.Y.) ("[F]ailure to provide argument on a point at issue constitutes abandonment of the issue.") Accordingly, even if the Court determines that (1) jurisdiction remains valid in light of the confirmation of MRG's reorganization plan and (2) this is a "core" proceeding, it should still abstain and remand this action pursuant to 28 U.S.C. § 1334(c)(1) and/or 28 U.S.C. § 1452(b) for the reasons set forth in Plaintiff's opening brief. (Pl.'s Mem. at 11-15.)

### III. CONCLUSION

For the reasons set forth herein and in Plaintiff's moving papers, this matter should be remanded to state court.

Dated: New York, New York
      August 23, 2019                  JOSEPH & KIRSCHENBAUM LLP

                                          By: /s/ Denise A. Schulman
                                                D. Maimon Kirschenbaum
                                                Denise A. Schulman
                                                32 Broadway, Suite 601
                                                New York, New York 10004
                                                (212) 688-5640

                                                *Attorneys for Plaintiff*