UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH & KIRSCHENBAUM LLP,<br><br>                Plaintiff,<br><br>-v.-<br><br>JERALD TENENBAUM and JOSH ROSEN,<br><br>                Defendants. | 19 Civ. 5577 (KPF)<br><br>**OPINION AND ORDER** |

KATHERINE POLK FAILLA, District Judge:

      Plaintiff Joseph & Kirschenbaum LLP moves to remand this petition to confirm an arbitration award back to the New York State Supreme Court from which it came. Plaintiff argues that Defendants Jerald Tenenbaum and Josh Rosen (collectively, "Defendants") have improperly removed this action to federal court on the basis that their company, Manhattan River Group LLC ("MRG"), had earlier filed for Chapter 11 bankruptcy. According to Plaintiff, however, the petition is not a "core" bankruptcy proceeding under 28 U.S.C. § 1334(c)(2) for various reasons, and therefore both abstention and remand are required. Plaintiff argues in the alternative that even if the Court were to find that the action constituted a "core" bankruptcy proceeding, permissive abstention and equitable remand would nonetheless be appropriate under 28 U.S.C. §§ 1334(c)(1), 1452(b). Defendants retort that this action is a core proceeding, principally because recovery by Plaintiff will affect MRG's bankruptcy estate. As detailed in the remainder of this Opinion, the Court concludes that the matter is not a core bankruptcy proceeding; that this case was improperly removed; and thus that remand is required. In the alternative,

the Court concludes that permissive abstention and equitable remand would be appropriate.

## BACKGROUND[1]

**A.   Factual Background**[2]

### 1.   The Underlying Arbitration

On or about June 13, 2017, Connie Rodriguez hired Plaintiff to represent her in a dispute with her employer, La Marina Restaurant, which was owned and operated by MRG. (Petition ¶¶ 2, 6). The retainer agreement Plaintiff executed with Rodriguez specified that Plaintiff would receive the greater of one-third of the amount recovered by Rodriguez or the Court's award of attorneys' fees. (*Id.* at ¶ 4). On July 6, 2017, Plaintiff filed a suit on Rodriguez's behalf in this District, alleging violations of the Fair Labor Standards Act (the "FLSA"), the New York Labor Law (the "NYLL"), and the New York City Human Rights Law (the "NYCHRL") against MRG; its owners Rosen and Tenenbaum; and Andrew Walters, Rodriguez's supervisor (collectively, the

---

[1]   For ease of reference, the Court refers to the Notice of Removal as "Notice" (Dkt. #1); to Plaintiff's Verified Petition as "Petition" (Dkt. #1-3); to the Final Arbitral Award as "Award" (Dkt. #1-4); to Plaintiff's memorandum of law in support of its motion to remand as "Pl. Br." (Dkt. #6); to Defendants' opposition submission as "Def. Opp." (Dkt. #9); and to Plaintiff's reply memorandum of law as "Pl. Reply" (Dkt. #11). References to docket entries from other related cases include the docket number of that case to distinguish them from this case.

[2]   The Court draws these facts primarily from the Petition, and treats them as true for purposes of this motion. *See Fed. Ins. Co.* v. *Tyco Int'l Ltd.*, 422 F. Supp. 2d 357, 391 (S.D.N.Y. 2006) ("[On] a motion to remand, the district court accepts as true all relevant allegations contained in the complaint and construes factual ambiguities in favor of the plaintiff." (citations omitted)). The Court has also considered the documents attached to the Notice of Removal, as it is permitted to do. *See Arseneault* v. *Congoleum*, No. 01 Civ. 10657 (LMM), 2002 WL 472256, at *6 (S.D.N.Y. Mar. 26, 2002) (finding that courts may consider "material outside of the pleadings" on a motion to remand), *reconsideration granted on other grounds*, 2002 WL 531006 (S.D.N.Y. Apr. 8, 2002); *see generally Romano* v. *Kazacos*, 609 F.3d 512, 520 (2d Cir. 2010).

2

"Arbitration Defendants"). *See Rodriguez* v. *Manhattan River Group, LLC*, No. 17 Civ. 5070 (WHP) (S.D.N.Y. 2017). (*Id.* at ¶ 6). In response, MRG produced its arbitration agreement with Rodriguez, and on August 14, 2017, Rodriguez voluntarily dismissed the case to pursue an arbitration involving analogous claims before the alternative dispute resolution organization JAMS. (*Id.* at ¶¶ 7-8; 17 Civ. 5070 Dkt. #12)).

Plaintiff represented Rodriguez in the Arbitration as well. (Petition ¶ 9). On April 26, 2018, JAMS issued an interim arbitral award in favor of Rodriguez on the NYLL claims and in favor of the Arbitration Defendants on the NYCHRL claims. (*Id.* at ¶ 10). The interim award provided for Rodriguez to receive $9,069.20, plus prejudgment interest, and directed her to apply for attorneys' fees pursuant to the NYLL's fee-shifting provisions. (*Id.* at ¶ 11). On June 28, 2019, MRG paid Rodriguez the total amount owed to her of $9,204.15. (*Id.* at ¶ 16).

### 2. The Attorneys' Fees Dispute, MRG's Bankruptcy, and the Fee Action

Because the final arbitral award (the "Final Award") had not yet been released, the attorneys' fees owed to Plaintiff remained uncertain. (Petition ¶ 17). After the parties briefed the attorneys' fees issue before the arbitrator, JAMS informed Plaintiff that the Final Award had not been released due to the Arbitration Defendants' failure to pay the outstanding balance owed to JAMS. (*Id.* at ¶¶ 13-15). On November 16, 2018, Plaintiff filed suit in this Court to require the Arbitration Defendants to pay the outstanding balance. *See Joseph*

*& Kirschenbaum LLP* v. *Manhattan River Group, LLC*, No. 18 Civ. 10283 (KPF) (S.D.N.Y. 2018) (the "Fee Action").

On December 20, 2018, MRG filed for bankruptcy, which stayed litigation against it. *See In re Manhattan River Group*, No. 18 Bankr. 14125 (SHL) (Bankr. S.D.N.Y. 2018) (the "Bankruptcy Action"); *see also* 11 U.S.C. § 362(a) (automatic stay provision). Given the filing of the Bankruptcy Action, Plaintiff agreed to (and this Court ordered) a stay of the Fee Action against MRG. (18 Civ. 10283 Dkt. #12). After initially failing to appear, Tenenbaum and Rosen appeared and requested that the stay be extended to them as well. (18 Civ. 10283 Dkt. #13-19). The Court denied this request. (18 Civ. 10283 Dkt. #20).

On May 3, 2019, the Final Award was issued by JAMS. (Petition ¶ 18; *see also* Award 1). Accordingly, on May 3, 2019, Plaintiff filed a voluntary dismissal of the Fee Action, and the Court ordered the case dismissed on May 7, 2019. (18 Civ. 10283 Dkt. #26, 27).

### 3. The Final Award and Plaintiff's Current Action

The Final Award imposed attorneys' fees of $34,844.25 and a court reporter appearance fee of $185 on the Arbitration Defendants. (Award 38-39). The attorneys' fees award was imposed jointly and severally against all Arbitration Defendants, and the $185 appearance fee was imposed jointly on MRG and Rosen. (*Id.*).

On May 20, 2019, Plaintiff filed a petition to confirm the Final Award in New York State Supreme Court, New York County. (Dkt. #1-3 (Petition)).

4

Because of the automatic stay in place as to MRG, Plaintiff sought confirmation solely with respect to Tenenbaum and Rosen. (*Id.* at ¶ 23). On August 9, 2019, after the filing of the instant case, the Bankruptcy Court issued an order confirming MRG's reorganization plan in the Bankruptcy Action. (18 Bankr. 14125 Dkt. #80).

**B.   Procedural Background**

On June 17, 2019, Defendants filed a Notice of Removal pursuant to 28 U.S.C. §§ 1452, 1334, and 157. (Notice ¶ 4). Defendants argued that removal was proper under 28 U.S.C. § 1452(a), reasoning that this Court has original jurisdiction pursuant to 28 U.S.C. § 1334(b), because the case "is related to the Chapter 11 case of [MRG]." (*Id.*). Defendants further contended that the instant claims would have a direct impact on the bankruptcy estate, rendering resolution of the Petition a "core" bankruptcy proceeding under 28 U.S.C. § 157. (*Id.* at ¶¶ 6-7).

On July 8, 2019, Plaintiff filed a motion to remand the case to state court and a memorandum of law in support thereof. (Dkt. #5, 6). On July 10, 2019, this Court issued a briefing schedule on Plaintiff's motion. (Dkt. #8). On August 9, 2019, Defendants filed their opposition to remand (Dkt. #9, 10), and on August 23, 2019, Plaintiff filed a reply memorandum of law in further support of its motion to remand. (Dkt. #12).

## DISCUSSION

### A. Applicable Law

#### 1. Removal of Bankruptcy Proceedings

Under 28 U.S.C. § 1452(a), a defendant may remove "any claim or cause of action in a civil action ... to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334[.]" 28 U.S.C. § 1452(a). Under 28 U.S.C. § 1334, in turn, district courts are given "exclusive jurisdiction" over all cases arising "under title 11" (i.e., the Bankruptcy Code), and "original but not exclusive jurisdiction" over all civil proceedings "arising in or related to cases" under the Bankruptcy Code. *Id.* § 1334.

The distinction between claims that "arise under" the Bankruptcy Code, "arise in" cases under the Bankruptcy Code, and are "related to" cases under the Bankruptcy Code is reflected at 28 U.S.C. § 157, which differentiates between and among "core" bankruptcy proceedings arising under title 11, and non-core proceedings "that [are] otherwise related to a case under title 11." *See* 28 U.S.C. § 157(c). The statute also provides a non-exhaustive list of core proceedings. *Id.* § 157(b)(2).

The Second Circuit has explained that claims that "arise under" the Bankruptcy Code are those "that clearly invoke substantive rights created by federal bankruptcy law." *Kirschenbaum v. U.S. Dep't of Labor (In re Robert Plan Corp.)*, 777 F.3d 594, 596 (2d Cir. 2015) (citing *BNA Am. Bank, N.A. v. Hill*, 436 F.3d 104, 108-09 (2d Cir. 2006)). "Arising in" proceedings, by contrast, "are

6

those that are not based on any right expressly created by [the Bankruptcy Code], but nevertheless, would have no existence outside of the bankruptcy." *Id.* (quoting *Baker* v. *Simpson*, 613 F.3d 346, 350-51 (2d Cir. 2010)).  Finally, a case is "related to" a bankruptcy proceeding if the action's "outcome might have any conceivable effect on the bankrupt estate."  *Parmalat Capital Fin. Ltd.* v. *Bank of Am. Corp.*, 639 F.3d 572, 579 (2d Cir. 2011).  The Supreme Court has held that both "arising under" and "arising in" cases are core bankruptcy proceedings.  *Stern* v. *Marshall*, 564 U.S. 462, 476 (2011).

### 2. Mandatory and Permissive Abstention in Bankruptcy

While § 1334 grants district courts jurisdiction over both core and non-core bankruptcy proceedings, it also permits courts to abstain in the interests of justice or comity.  *See* 28 U.S.C. § 1334(c)(1) ("[N]othing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.").[3]  Significantly, however, with respect to non-core proceedings, abstention is mandatory in certain cases:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and

---

[3]    The statute contains an exception, not relevant here, for cases under chapter 15 of the bankruptcy code.  28 U.S.C. § 1334(c)(1).

7

> can be timely adjudicated, in a State forum of appropriate jurisdiction.

*Id.* § 1334(c)(2); *see generally Parmalat Capital Fin. Ltd.* v. *Bank of Am. Corp.*, 671 F.3d 261, 266 (2d Cir. 2012).

**B.   Analysis**

    **1.   This Case Does Not Involve a Core Bankruptcy Proceeding**

The claims in this case are based on an arbitration agreement signed by Defendants prior to any bankruptcy action. (Petition ¶¶ 7-8). The underlying claims involve wage and hour violations. (*Id.* at ¶ 3). These claims clearly do not invoke rights created by bankruptcy law. *See Kirschenbaum*, 777 F.3d at 597. These claims are created by state tort and contract law.

Similarly, these claims existed prior to and independently of MRG's bankruptcy. Indeed, the claims were brought in arbitration prior to MRG's entry into bankruptcy. (Petition ¶¶ 16-23). These claims clearly "had existence" outside of the bankruptcy proceedings. *See Kirschenbaum*, 777 F.3d at 597. Resolving the claims against Tenenbaum and Rosen is not an "essential part of administering the estate." *See Baker*, 613 F.3d at 351.

Defendants protest that the claims at issue are core bankruptcy proceedings because "their resolution will have a clear and direct impact on property of the estate under 11 U.S.C. § 541." (Def. Opp. 4). Such an argument, however, fails to address the clear language of the Supreme Court, which has held only "arising under" or "arising in" cases to be core bankruptcy proceedings. *Stern*, 564 U.S. at 476. What is more, Defendants' brief invokes the "effect on the bankrupt estate," but does not argue that the relevant

substantive rights are created by bankruptcy law or that the relevant claims only exist due to the bankruptcy. *See Parmalat Capital Fin.*, 639 F.3d at 579. Arguments predicated on effects on a bankruptcy estate sound in "related to" jurisdiction, and as such do not betoken a core bankruptcy proceeding. This case involves state-law claims arising independently of bankruptcy, claims that were brought against Defendants who have liability overlapping with a bankrupt company. It is a paradigmatic example of a non-core proceeding.

### 2. This Case Satisfies the Other Mandatory Abstention Factors Described in 28 U.S.C. § 1334(c)(2)

Having established that this matter is not a core bankruptcy proceeding, the Court turns to the other § 1334(c)(2) factors. To review, the statute requires abstention where (i) the motion for abstention is timely; (ii) the action arises under state law; (iii) the action could not have been brought in federal court absent jurisdiction under § 1334; and (iv) a state forum can engage in a timely adjudication. 28 U.S.C § 1334(c)(2).

To begin, the Court concludes that the motion to abstain and remand was filed in a timely manner in this case. On June 17, 2019, Defendants filed their notice of removal, and Plaintiff moved in response less than 30 days later on July 8, 2019. (Pl. Br. 7). Defendants raise no argument regarding the timeliness of this motion, and Plaintiff cites to prior cases where courts have found similar time frames to suffice. (*Id.* (citing *Geltzer as Tr. of Estate of Michaux* v. *Riverbay Corp.*, No. 18 Civ. 11094 (PAE), 2019 WL 912504, at *3 (S.D.N.Y. Feb. 25, 2019); *Little Rest Twelve, Inc.* v. *Visan*, 458 B.R. 44, 54-55

9

(S.D.N.Y. 2011); and *In re Taub*, 413 B.R. 69, 75 (Bank. E.D.N.Y. 2009))).[4]  And it bears noting that the remand statute itself speaks to the timeliness of a remand motion filed within 30 days of removal: "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c).

Proceeding through the other § 1334(c)(2) factors, the Court concludes that this action arises solely under state law, as Plaintiff asks for confirmation of an arbitral award pursuant to Sections 7510, 7511, and 7514 of New York's Civil Practice Law and Rules.  (Petition ¶¶ 32-33).  There is no independent basis for federal jurisdiction, as the claims were brought solely pursuant to state law.  (*Id.*)  The amount in controversy does not exceed $75,000, and there is no suggestion that the parties are diverse.  (*Id.*).  Plaintiff unquestionably brought this action in state court.  Each of these factors weighs in favor of mandatory abstention.  Defendants address none of them in their opposition brief.  (*See* Def. Opp. 1-5).

---

4   *See generally Parmalat Capital Fin. Ltd.* v. *Bank of Am. Corp.*, 639 F.3d 572, 580 (2d Cir. 2011):

> Four factors come into play in evaluating § 1334(c)(2) timeliness: [i] the backlog of the state court's calendar relative to the federal court's calendar; [ii] the complexity of the issues presented and the respective expertise of each forum; [iii] the status of the title 11 bankruptcy proceeding to which the state law claims are related; and [iv] whether the state court proceeding would prolong the administration or liquidation of the estate.  *See In re Georgou*, 157 B.R. 847, 851 (N.D. Ill. 1993).

Finally, the Court considers whether the state court could adjudicate this case in a timely fashion.  As Plaintiff notes, this case involves confirmation of an arbitral award, which is normally a summary proceeding.  (Pl. Br. 9).  As Plaintiff notes further, in non-core proceedings, bankruptcy courts can only issue proposed findings of fact and law; they cannot issue a final decision, delaying any potential resolution.  (*Id.* at 9-10 (citing 28 U.S.C. § 1957(c)(1))).  Reading Defendants' objections generously, the Court could construe them as an argument that abstention here would be inefficient and untimely, inasmuch as the claims against MRG and Defendants are overlapping and resolution of each would affect the other.  (Def. Opp. 2).  The Court does not agree.  The Bankruptcy Court has already approved MRG's plan of reorganization.  (*See* 18 Bankr. 14125 Dkt. #80).  Resolution of this matter would have no effect on the reorganization plan beyond potentially reducing MRG's liabilities.  Sending this case to state court could not harm MRG or its creditors and would keep the claims against MRG separate from the claims against Defendants; by contrast, sending this case to bankruptcy court would potentially entangle MRG in a case in which it currently has no involvement.  The Court finds that a state court could adjudicate and resolve this case in a timely fashion.  Accordingly, the mandatory abstention factors are all met, and this Court must abstain and remand the matter back to state court.

### 3. Permissive Abstention and Equitable Remand Are Also Appropriate in This Case

Even were this Court to find that remand was not mandatory under § 1334(c)(2), it would find that the interests of justice compelled remand under

11

the permissive abstention provision set forth in § 1334(c)(1). The Court can remand a removed claim or cause of action "on any equitable ground." 28 U.S.C. § 1452(b). Equitable remand requires analysis of the following factors:

> [i] the effect on the efficient administration of the bankruptcy estate; [ii] the extent to which issues of state law predominate; [iii] the difficulty or unsettled nature of the applicable state law; [iv] comity; [v] the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; [vi] the existence of the right to a jury trial; and [vii] prejudice to the involuntarily removed defendants

*CMM Pathfinder Pompano Bay, LLC* v. *Compass Fin. Partners, LLC,* 396 B.R. 602, 607 (S.D.N.Y. 2008); *see also Keybank Nat'l Ass'n* v. *Franklin Advisers, Inc.*, 600 B.R. 214, 233 (S.D.N.Y. 2019) (citing *In re WorldCom, Inc. Sec. Litig.*, 293 B.R. 308, 344 (S.D.N.Y. 2003) ("The equitable remand analysis ... is essentially the same as the Section 1334(c)(1) abstention analysis.")); *cf. Ventricelli* v. *Nicklin*, No. 19 Civ. 230 (GTS) (DJS), 2020 WL 132334, at *6 n.5 (N.D.N.Y. Jan. 13, 2020) (listing twelve factors for courts to consider in deciding whether to abstain pursuant to 28 U.S.C. § 1334(c)(1)) (citing *WorldCom*).

As discussed above, the Court does not consider it possible that remand would impede the efficient administration of the bankruptcy estate. MRG's plan of reorganization has already been approved, and the outcome of this case could only reduce the estate's liabilities by resolving Plaintiff's claims against MRG and Defendants separately. And the case here involves state-law claims against individual Defendants separate from the bankruptcy estate. In *Drexel*

*Burnham Lambert Group, Inc.* v. *Vigilant Ins.*, 130 B.R. 405, 409 (S.D.N.Y. 1991), the defendants, who were not part of the bankruptcy estate, removed a state-law claim, and the court declined to exercise jurisdiction.  The district court reasoned that "it is appropriate to remand the matter to state court because a because a state court is better able to respond to a suit involving state law."  *Id.* at 408.  So too here.

Examining the other factors, the Court finds that they similarly favor abstention and remand.  The only issues involved in this case are state-law issues related to confirmation of the arbitral award, with no federal claims.  (*See generally* Petition).  This case involves a New York state summary proceeding, and as a sister court in this District has observed, "Comity favors, absent good reason, permitting a state court to resolve claims with which it is familiar."  *Geltzer*, 2019 WL 912504, at *5.  The connection to the bankruptcy estate in this case is minimal.  The Award explicitly imposed joint and several liability on Defendants.  (Award 39).  Plaintiff is entitled to collect on this judgment, and the only connection to MRG is a beneficial one to the estate, in that resolution in Plaintiff's favor could limit MRG's exposure.  This relationship is clearly tangential to the bankruptcy.  And Plaintiff rightly notes that the arbitration agreement contains an explicit forum-selection clause.  (*See* Pl. Br. 13-14).  In removing this case, Defendants seek to avoid that clause and needlessly prolong the litigation.

Finally, the Court concludes that Defendants have waived any attempt to challenge Plaintiff's permissive abstention arguments.  Defendants do not

13

address permissive abstention at all in their opposition. (Def. Br. 1-5). As Plaintiff notes, where a party fails to address claims and defenses, they are deemed waived. (Pl. Reply 7-8). *See In re Kingate Mgmt. Ltd. Litig.*, 746 F. App'x 40, 43 (2d Cir. 2018) (summary order). In short, the Court finds that even absent the mandatory abstention and remand provision of § 1334(c)(2), the permissive abstention provision of § 1334(c)(1) would warrant an equitable remand.

## CONCLUSION

For the reasons stated above, Petitioner's motion to remand this case back to New York State Supreme Court is GRANTED. The Clerk of Court is directed to terminate any pending motions, adjourn all remaining dates, and remand this case for further proceedings to the New York State Supreme Court, New York County.

SO ORDERED.

Dated:   January 15, 2020
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge